## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONUMENT PEAK VENTURES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| GOPRO, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Monument Peak Ventures, LLC ("MPV"), by and through the undersigned counsel, hereby brings this action and makes the following allegations of Patent infringement relating to U.S. Patent Nos. 5,923,908 (the "'908 Patent"), 6,101,338 (the "'338 Patent"), 6,282,317 (the "'317 Patent"), 6,781,713 (the "'713 Patent"), and 6,760,485 (the "'485 Patent") (collectively "the Asserted Patents") against Defendant GoPro, Inc. ("GoPro"), and alleges as follows upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

### The Asserted Patents Come From the Iconic Kodak Patent Portfolio

1.      The Asserted Patents claim inventions born from the ingenuity of the Eastman Kodak Company ("Kodak"), an iconic American imaging technology company that dates back to the late 1800s.  The first model of a Kodak camera was released in 1888.



2.      In 1935 Kodak introduced "Kodachrome," a color reversal stock for movie and slide film.  In 1963 Kodak introduced the Instamatic camera, an easy-to-load point-and-shoot camera.



3.      By 1976 Kodak was responsible for 90% of the photographic film and 85% of the cameras sold in the United States.

4.      At the peak of its domination of the camera industry, Kodak invented the first self-contained digital camera in 1975.



5.      By 1986 Kodak had created the first megapixel sensor that was capable of recording 1,400,000 pixels.  While innovating in the digital imaging space Kodak developed an immense Patent portfolio and extensively licensed its technology in the space.  For example, in 2010, Kodak received $838,000,000 in Patent licensing revenue.  As part of a reorganization of its business, Kodak sold many of its Patents to some of the biggest names in technology that included Google, Facebook, Amazon, Microsoft, Samsung, Adobe Systems, HTC and others for $525,000,000.

6.      While scores of digital imaging companies have paid to license the Kodak Patent portfolio owned by MPV, GoPro has refused to do so without justification.

## NATURE OF THE ACTION

7.      This is an action for Patent infringement.  MPV alleges that GoPro has infringed and/or is infringing one or more of the '908 Patent, the '338 Patent, the '317 Patent, the '713 Patent, and the '485 Patent copies of which are attached as Exhibits A-E, respectively.

8.      On or about April 24, 2017, MPV, a technology licensing company, made the first of several attempts to contact GoPro over a period of several months.  MPV's communications highlighted that GoPro would benefit from a license to the portfolio and expressed its willingness

to offer GoPro a license to the iconic Kodak portfolio outside of litigation.  Since MPV acquired the Kodak portfolio it has successfully licensed several companies without resorting to litigation. For months, GoPro ignored several MPV communications before responding on or about September 29, 2017.  Consistent with MPV's overall strategy to use litigation only as a last resort, MPV had several discussions with GoPro's in-house and outside counsel over a period of five months during which MPV repeatedly expressed its desire to consummate a license outside of litigation.

9.      On or about October 11, 2017, MPV informed GoPro of its infringement through a data room that included a full list of all Patents owned by MPV and evidence of use presentations detailing GoPro's infringement of fourteen MPV Patents, including the Asserted Patents. The data room has been accessible to GoPro for five months and remains accessible to GoPro as of the filing of the complaint.

10.      On or about November 27, 2017, MPV presented GoPro's counsel with a real-time technical walkthrough of the evidence of use presentations, including the Asserted Patents.

11.      MPV alleges that GoPro directly and indirectly infringes and/or has infringed the Asserted Patents by making, using, offering for sale, selling, and/or importing digital cameras, video editing products, and image processing products.  MPV seeks damages and other relief for GoPro's infringement of the Asserted Patents.

**THE PARTIES**

12.      Plaintiff MPV is a Texas limited liability company with its principal place of business in Plano, Texas.

13.      Upon information and belief, GoPro is a Delaware corporation with a place of business in San Mateo, California.  GoPro may be served with process through its registered

agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

14.     This action for Patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 et. seq.  This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

15.     This Court has both general and specific personal jurisdiction over GoPro because GoPro is a Delaware corporation that has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over GoPro would not offend traditional notions of fair play and substantial justice. GoPro, directly and through subsidiaries and intermediaries (including distributors, retailers, franchisees and others), has committed and continues to commit acts of infringement in this District by, among other things, making, using, testing, selling, importing, and/or offering for sale products that infringe the Asserted Patents.

16.     Venue is proper in this District and division under 28 U.S.C. §§1391(b)-(d) and 1400(b) because GoPro is incorporated in this District, transacts business in this District and has committed and continues to commit acts of direct and indirect infringement in this District.

## COUNT I:  INFRINGEMENT OF THE '908 PATENT

17.     The allegations of paragraphs 1-16 of this Complaint are incorporated by reference as though fully set forth herein.

18.     MPV owns by assignment the entire right, title, and interest in the '908 Patent.

19.     The '908 Patent was issued by the United States Patent and Trademark Office on July 13, 1999 and is titled "Camera With Touch Sensitive Control."  A true and correct copy of

the '908 Patent is attached as Exhibit A.

20.     Upon information and belief, GoPro has directly infringed at least claim 9 of the '908 Patent by making, using, testing, selling, offering for sale, importing and/or licensing in the United States without authority its digital camera products having a touch screen, including without limitation the GoPro Hero6 Black camera, ("the '908 Infringing Instrumentalities") in an exemplary manner as described below.

21.     One or more of the '908 Infringing Instrumentalities meet all the limitations of claim 9 of the '908 Patent.  In particular, each of the '908 Infringing Instrumentalities is a camera including a touch sensitive screen.



https://shop.gopro.com/cameras/hero6-black/CHDHX-601-master.html?gclid=EAIaIQobChMIrtOWmK3S1gIVEVmGCh1RPwrREAAYASAAEgKiH_D_BwE&dclid=CJ-q1Jmt0tYCFYlqwQodso8CMw



## YOUR HERO6 BLACK

1. Shutter Button [  ]
2. Camera Status Light
3. Camera Status Screen
4. Microphone
5. Side Door

6. Latch Release Button
7. USB-C Port
8. Micro HDMI Port
   (cable not included)
9. Touch Display

https://gopro.com/content/dam/help/hero6-black/manuals/HERO6Black_UM_ENG_REVA.pdf

     22.     The '908 Infringing Instrumentalities also include a camera control which controls at least one function of the camera.



## ADVANCED CONTROLS

**Using Exposure Control with Locked Exposure**
With this option, the camera locks the exposure. That exposure level remains until you cancel it.

For example, suppose you are snowboarding on a sunny day. By manually setting the exposure level based on your subject's jacket, the images that you capture throughout the day are based on the jacket. So, they are less likely to be underexposed compared to the bright snow.

1. Press the touch display until a square outline shrinks to the middle of the screen.
2. Drag the square to the area that you want to use to set the exposure level. (You can also tap that area instead of dragging the square.)
3. Tap Auto Exposure to change it to Locked Exposure.
4. Confirm that the exposure looks the way you want it to, and then tap [ ✓ ] in the lower right corner to lock the exposure.

https://gopro.com/content/dam/help/hero6-black/manuals/HERO6Black_UM_ENG_REVA.pdf

     23.     The '908 Infringing Instrumentalities also include a processor connected to the touch sensitive screen and the camera control, to display a camera control icon at different user selectable positions or sizes of the screen, so that touching the icon controls the corresponding

- 7 -

camera function.

# HERO6 Black Processor Questions

**Is the processor in the HERO6 Black different from HERO5 Black?**

- Yes, HERO6 Black uses the proprietary GP1 system on chip (SoC). In the past, we worked closely with our partners, driving and training them on how to deliver the image quality.

- The GP1 chip has been crafted from the ground up for the unique needs of GoPro cameras. Doing so offers increased control in how we tune our image processing, delivering the distinctive GoPro look, at a level of quality previously impossible from a GoPro camera. Beyond that, GP1 allows us to perform advanced image computation, carrying us forward to enable more intelligent cameras and features.

**Why did you decide on a proprietary chip?**

- To be able to achieve the features we wanted with HERO6 and to maintain GoPro's super high-quality standard, we had to develop a chip ourselves. GP1 gives us the ability to have the power of 4k60, 1080p240, improved video stabilization, and our best image yet – while also improving on convenience with QuikStories upgrades.

**Who is your chip partner?**

- Socionext and GoPro collaborated on the design and development of GP1, the new custom processor.

https://gopro.com/help/articles/block/hero6-black-processor-questions



https://gopro.com/content/dam/help/hero6-

black/manuals/HERO6Black_UM_ENG_REVA.pdf

24.     GoPro has thus infringed at least claim 9 of the '908 Patent by making, using, testing, selling, offering for sale, importing and/or licensing the '908 Infringing Instrumentalities, and operating such that all steps of at least claim 9 are performed.

25.     The users, customers, agents and/or other third parties of the '908 Infringing Instrumentalities (collectively, "third-party infringers") infringed, including under 35 U.S.C. § 271(a), at least claim 9 of the '908 Patent by using the '908 Infringing Instrumentalities.

26.     GoPro has, since at least no later than October 11, 2017, known or been willfully blind to the fact that the third-party infringers' use of the '908 Infringing Instrumentalities directly infringe the '908 Patent.

27.     GoPro's knowledge of the '908 Patent, which covers operating the '908 Infringing Instrumentalities in their intended manner and such that all limitations of at least claim 9 of the '908 Patent are met, made it known to GoPro that the third-party infringers' use of the '908 Infringing Instrumentalities would directly infringe the '908 Patent, or, at the very least, render GoPro willfully blind to such infringement.

28.     Having known or been willfully blind to the fact that the third-party infringers' use of the '908 Infringing Instrumentalities in their intended manner and such that all limitations of at least claim 9 of the '908 Patent are met would directly infringe the '908 Patent, GoPro, upon information and belief, actively encouraged the third-party infringers to directly infringe the '908 Patent by making, using, testing, selling, offering for sale, importing and/or licensing said '908 Infringing Instrumentalities, and by, for example, marketing '908 Infringing Instrumentalities to the third-party infringers; supporting and managing the third-party infringers' continued use of the '908 Infringing Instrumentalities; and providing technical assistance to the third-party infringers during their continued use of the '908 Infringing Instrumentalities.  *See*, *e.g.*, GoPro Hero6 Black User Manual at pp. 70-73, https://gopro.com/content/dam/help/hero6-black/manuals/HERO6Black_UM_ENG_REVA.pdf.

29.     GoPro induced the third-party infringers to infringe at least claim 9 of the '908

Patent by directing or encouraging them to operate the '908 Infringing Instrumentalities which, alone or in combination with the third-party infringers' devices, satisfy all limitations of claim 9 of the '908 Patent.  For example, GoPro advertised and promoted the features of the '908 Infringing Instrumentalities and encouraged the third-party infringers to operate the '908 Infringing Instrumentalities in an infringing manner.  GoPro further provided technical assistance as to how the '908 Infringing Instrumentalities should be used by the third-party infringers (*see*, *e.g.*, GoPro Hero6 Black User Manual at pp. 70-73, https://gopro.com/content/dam/help/hero6-black/manuals/HERO6Black_UM_ENG_REVA.pdf).  In response, the third-party infringers acquired and operated the '908 Infringing Instrumentalities such that all limitations of claim 9 of the '908 Patent are practiced.

30.     Thus, GoPro has specifically intended to induce, and has induced, the third-party infringers to infringe at least claim 9 of the '908 Patent, and GoPro has known of or been willfully blind to such infringement.  GoPro has advised, encouraged, and/or aided the third-party infringers to engage in direct infringement, including through its encouragement, advice, and assistance to the third-party infringers to use the '908 Infringing Instrumentalities.

31.     Based on, among other things, the foregoing facts, GoPro has induced infringement under 35 U.S.C. § 271(b) of at least claim 9 of the '908 PPatent.

32.     Further, GoPro sold, provided and/or licensed to the third-party infringers '908 Infringing Instrumentalities that are especially made and adapted—and specifically intended by GoPro—to be used as components and material parts of the inventions covered by the '908 Patent.  For example, GoPro provided the accused cameras and related product documentation and instructions, which the third-party infringers used in a manner such that all limitations of at least claim 9 of the '908 Patent are met, and without which the third-party infringers would be

unable to have used and availed themselves of the '908 Infringing Instrumentalities in their intended manner.

33.     Upon information and belief, GoPro also knew that the '908 Infringing Instrumentalities operate in a manner that satisfy all limitations of at least claim 9 of the '908 Patent.

34.     The digital camera touch screen technology in the '908 Infringing Instrumentalities is specially made and adapted to infringe at least claim 9 of the '908 Patent. Upon information and belief, the digital camera touch screen technology in the '908 Infringing Instrumentalities is not a staple article or commodity of commerce, and, because the functionality is designed to work with the '908 Infringing Instrumentalities solely in a manner that is covered by the '908 Patent, it does not have a substantial non-infringing use.  At least by no later than October 11, 2017, based on the foregoing facts, GoPro has known or been willfully blind to the fact that such functionality is especially made and adapted for—and is in fact used in—'908 Infringing Instrumentalities in a manner that is covered by the '908 Patent.

35.     Based on, among other things, the foregoing facts, GoPro has contributorily infringed at least claim 9 of the '908 Patent under 35 U.S.C. § 271(c).

36.     GoPro's acts of direct and indirect infringement have caused damage to MPV, and MPV is entitled to recover damages sustained as a result of GoPro's wrongful acts in an amount subject to proof at trial.

## COUNT II:  INFRINGEMENT OF THE '338 PATENT

37.     The allegations of paragraphs 1-36 of this Complaint are incorporated by reference as though fully set forth herein.

38.      MPV owns by assignment the entire right, title, and interest in the '338 Patent.

39.    The '338 Patent was issued by the United States Patent and Trademark Office on August 8, 2000 and is titled "Speech Recognition Camera With a Prompting Display."  A true and correct copy of the '338 Patent is attached as Exhibit B.

40.    Upon information and belief, GoPro has directly infringed at least claim 6 of the '338 Patent by making, using, testing, selling, offering for sale, importing and/or licensing in the United States without authority its cameras (e.g., GoPro Hero5 Black) ("the '338 Infringing Instrumentalities") in an exemplary manner as described below.

41.    One or more of the '338 Infringing Instrumentalities meet all the limitations of claim 6 of the '338 Patent.  In particular, the '338 Infringing Instrumentalities are a camera.



https://shop.gopro.com/cameras/hero5-black/CHDHX-502-master.html

42.    The '338 Infringing Instrumentalities include a camera body for providing a protective housing for its internal components.

## YOUR HERO5 BLACK



https://gopro.com/content/dam/help/hero5-black/manuals/HERO5Black_UM_ENG_REVC_Web.pdf

43.     The '338 Infringing Instrumentalities include a display on the camera body.



https://gopro.com/content/dam/help/hero5-black/manuals/HERO5Black_UM_ENG_REVC_Web.pdf

44.   The '338 Infringing Instrumentalities include a microphone for receiving voice commands.



https://gopro.com/content/dam/help/hero5-black/manuals/HERO5Black_UM_ENG_REVC_Web.pdf

45.   The '338 Infringing Instrumentalities include a microcontroller disposed in said camera body for causing said display to display, prior to receiving any voice commands, words or phrases representative of a set of voice commands pre-programmed in said microcontroller.

## CONTROLLING YOUR GOPRO WITH YOUR VOICE

### LIST OF VOICE COMMANDS
Two types of commands are available with Voice Control:

· Action commands let you immediately capture video or photos. For example, if you just stopped recording video, you can say the command to take a photo or begin capturing time lapse—without having to first change the mode.

· Mode commands are useful if you want to quickly select a mode and then use the **Shutter** button to capture.

Your camera does not need to be in a specific mode to capture video or photos. You can use the action commands from any mode. Your camera captures video or photos based on the settings you previously selected.

| Action Command | Description |
| --- | --- |
| GoPro start recording | Starts capturing video |
| GoPro HiLight | Adds a HiLight Tag to video during recording |
| That was sick | Adds a HiLight Tag to video during recording |
| GoPro stop recording | Stops capturing video |
| GoPro take a photo | Captures a single photo |
| GoPro shoot burst | Captures burst photos |
| GoPro start time lapse | Starts capturing time lapse |
| GoPro stop time lapse | Stops capturing time lapse |
| GoPro turn off | Powers off the camera |

| Mode Command | Description |
| --- | --- |
| GoPro Video mode | Changes the camera mode to Video (does not capture video) |
| GoPro Photo mode | Changes the camera mode to Photo mode (does not capture photos) |
| GoPro Burst mode | Changes the camera mode to Burst mode (does not capture burst photos) |
| GoPro Time Lapse mode | Changes the camera mode to Time Lapse (does not capture time lapse photos) |

https://gopro.com/content/dam/help/hero5-black/manuals/HERO5Black_UM_ENG_REVC_Web.pdf



https://gopro.com/content/dam/help/hero5-black/manuals/HERO5Black_UM_ENG_REVC_Web.pdf

46.     GoPro has thus infringed at least claim 6 of the '338 Patent by making, using, testing, selling, offering for sale, importing and/or licensing the '338 Infringing Instrumentalities.

47.     The users, customers, agents and/or other third parties of the '338 Infringing Instrumentalities (collectively, "third-party infringers") infringe, including under 35 U.S.C. § 271(a), at least claim 6 of the '338 Patent by using the '338 Infringing Instrumentalities.

48.     GoPro has, since at least no later than October 11, 2017, known or been willfully blind to the fact that the third-party infringers' use of the '338 Infringing Instrumentalities directly infringe the '338 Patent.

49.     GoPro's knowledge of the '338 Patent, which covers operating the '338 Infringing Instrumentalities in their intended manner and such that all limitations of at least claim 6 of the '338 Patent are met, made it known to GoPro that the third-party infringers' use of the '338 Infringing Instrumentalities would directly infringe the '338 Patent, or, at the very least, render GoPro willfully blind to such infringement.

50.    Having known or been willfully blind to the fact that the third-party infringers'
use of the '338 Infringing Instrumentalities in their intended manner and such that all limitations
of at least claim 6 of the '338 Patent are met would directly infringe the '338 Patent, GoPro,
upon information and belief, actively encouraged the third-party infringers to directly infringe
the '338 Patent by making, using, testing, selling, offering for sale, importing and/or licensing
said '338 Infringing Instrumentalities, and by, for example, marketing '338 Infringing
Instrumentalities to the third-party infringers; supporting and managing the third-party
infringers' continued use of the '338 Infringing Instrumentalities; and providing technical
assistance to the third-party infringers during their continued use of the '338 Infringing
Instrumentalities.  *See*, *e.g.*, https://gopro.com/content/dam/help/hero5-
black/manuals/HERO5Black_UM_ENG_REVC_Web.pdf.

51.    GoPro induced the third-party infringers to infringe at least claim 6 of the '338
Patent by directing or encouraging them to operate the '338 Infringing Instrumentalities which,
alone or in combination with the third-party infringers' devices, satisfy all limitations of claim 6
of the '338 Patent.  For example, GoPro advertised and promoted the features of the '338
Infringing Instrumentalities at https://gopro.com and encouraged the third-party infringers to
operate the '338 Infringing Instrumentalities in an infringing manner.  GoPro further provided
technical assistance as to how the '338 Infringing Instrumentalities should be used by the third-
party infringers (*see*, *e.g.*, https://gopro.com/content/dam/help/hero5-
black/manuals/HERO5Black_UM_ENG_REVC_Web.pdf).  In response, the third-party
infringers acquired and operated the '338 Infringing Instrumentalities such that all limitations of
claim 6 of the '338 Patent are practiced.

52.    Thus, GoPro has specifically intended to induce, and has induced, the third-party

infringers to infringe at least claim 6 of the '338 Patent, and GoPro has known of or been willfully blind to such infringement.  GoPro has advised, encouraged, and/or aided the third-party infringers to engage in direct infringement, including through its encouragement, advice, and assistance to the third-party infringers to use the '338 Infringing Instrumentalities.

53.     Based on, among other things, the foregoing facts, GoPro has induced, and continues to induce, infringement under 35 U.S.C. § 271(b) of at least claim 6 of the '338 Patent.

54.     Further, GoPro sold, provided and/or licensed to the third-party infringers '338 Infringing Instrumentalities that are especially made and adapted—and specifically intended by GoPro—to be used as components and material parts of the inventions covered by the '338 Patent.  For example, GoPro provided its cameras which the third-party infringers use in a manner such that all limitations of at least claim 6 of the '338 Patent are met, and without which the third-party infringers would be unable to use and avail themselves of the '338 Infringing Instrumentalities in their intended manner.

55.     Upon information and belief, GoPro also knew that the '338 Infringing Instrumentalities operate in a manner that satisfy all limitations of at least claim 6 of the '338 Patent.

56.     The Voice Control technology in the '338 Infringing Instrumentalities is specially made and adapted to infringe at least claim 6 of the '338 Patent.  Upon information and belief, the Voice Control technology in the '338 Infringing Instrumentalities is not a staple article or commodity of commerce, and, because the functionality is designed to work with the '338 Infringing Instrumentalities solely in a manner that is covered by the '338 Patent, it does not have a substantial non-infringing use.  At least by no later than October 11, 2017, based on the foregoing facts, GoPro has known or been willfully blind to the fact that such functionality is

especially made and adapted for—and is in fact used in—the '338 Infringing Instrumentalities in a manner that is covered by the '338 Patent.

57.     Based on, among other things, the foregoing facts, GoPro has contributorily infringed at least claim 6 of the '338 Patent under 35 U.S.C. § 271(c).

58.     GoPro's acts of infringement of the '338 Patent have been willful and intentional under the standard of *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016).  Since at least October 11, 2017, GoPro has willfully infringed the '338 Patent by refusing to take a license and continuing the foregoing infringement.  Instead of taking a license to the '338 Patent, GoPro made the business decision to "efficiently infringe" the '338 Patent.  In doing so, GoPro willfully infringes the '338 Patent.

59.     GoPro's acts of direct and indirect infringement have caused damage to MPV, and MPV is entitled to recover damages sustained as a result of GoPro's wrongful acts in an amount subject to proof at trial.

## COUNT III:  INFRINGEMENT OF THE '317 PATENT

60.     The allegations of paragraphs 1-59 of this Complaint are incorporated by reference as though fully set forth herein.

61.     MPV owns by assignment the entire right, title, and interest in the '317 Patent.

62.     The '317 Patent was issued by the United States Patent and Trademark Office on August 28, 2001 and is titled "Method for Automatic Determination of Main Subjects in Photographic Images."  A true and correct copy of the '317 Patent is attached as Exhibit C.

63.     Upon information and belief, GoPro has directly infringed at least claim 1 of the '317 Patent by making, using, testing, selling, offering for sale, importing and/or licensing in the

United States without authority its Quik - GoPro Video Editor ("the '317 Infringing Instrumentalities") in an exemplary manner as described below.

64.     One or more of the '317 Infringing Instrumentalities meet all the limitations of claim 1 of the '317 Patent.  In particular, the '317 Infringing Instrumentalities practice a method for detecting a main subject in an image.



65.     The '317 Infringing Instrumentalities receive a digital image from either local storage or from the GoPro Plus cloud storage service.



66.     The '317 Infringing Instrumentalities extract regions of arbitrary shape and size defined by actual objects from the digital image (e.g., foreground object candidate extraction vs. background).



67.     The '317 Infringing Instrumentalities extract for each of the (foreground) regions at least one structural saliency feature (e.g., face geometrical shape) and at least one semantic saliency feature (e.g., skin color).



68.     The '317 Infringing Instrumentalities uses a probabilistic reasoning algorithm to integrate the structural and semantic saliency features into an estimate of a belief that each region

is the main subject in order to "frame each photo perfectly" according to the detected "faces and colors:

## The Hero 6 and 'GP1' is GoPro's chance to grow again

Facial recognition is the next frontier for the action-cam company.

His anxiety stems from a narrative in the media over the past year or two that GoPro can't seem to shake. Share prices slid sharply in 2015, divisions closed and staff were let go. Since then, the message has been clear: GoPro is in trouble. Except apparently Woodman didn't get that memo. Either that or he knew what his company has been working on over the past three years: a custom image processor called the GP1. It's a chip that makes the Hero 6 the first GoPro built to the company's own specification, and it could change everything.

But it's not just streaming we can hope for. A lesser-known feature introduced with the GP1 is machine learning. The camera analyzes images as they come in, looking not only for the best lighting options but also for faces. GoPro will leverage facial recognition to improve QuikStories and its automatically generated video clips.

https://www.engadget.com/2017/09/28/gopro-hero-6-and-gp1/

The GP1 has been crafted from the ground up for the unique needs of GoPro cameras. Doing so offers increased control in how GoPro tunes its image processing, delivering the distinctive GoPro look, at a level of quality previously impossible from a HERO camera.  Beyond that, GP1 allows GoPro to perform advanced image computation, carrying the brand forward to enable more intelligent cameras and features.

**Scene Analysis** – GP1 enables enhanced tools to analyze the scene using motion sensor data, scene characteristics such as white balance, dynamic range, exposure, and audio, as well advanced features like face detection. Using these tools, the chip can enable improved tuning based on the scene identified, prioritize regions of interest, and apply metadata tags to be used later in GoPro's editing software ecosystem for enhanced automatic editing.

https://www.engadget.com/2017/09/28/gopro-hero-6-and-gp1/

69.      GoPro has thus infringed at least claim 1 of the '317 Patent by making, using, testing, selling, offering for sale, importing and/or licensing the '317 Infringing Instrumentalities, and operating such that all steps of at least claim 1 are performed.

70.     The users, customers, agents and/or other third parties of the '317 Infringing Instrumentalities (collectively, "third-party infringers") infringe, including under 35 U.S.C. § 271(a), at least claim 1 of the '317 Patent by using the '317 Infringing Instrumentalities.

71.     GoPro has, since at least no later than October 11, 2017, known or been willfully blind to the fact that the third-party infringers' use of the '317 Infringing Instrumentalities directly infringe the '317 Patent.

72.     GoPro's knowledge of the '317 Patent, which covers operating the '317 Infringing Instrumentalities in their intended manner and such that all limitations of at least claim 1 of the '317 Patent are met, made it known to GoPro that the third-party infringers' use of the '317 Infringing Instrumentalities would directly infringe the '317 Patent, or, at the very least, render GoPro willfully blind to such infringement.

73.     Having known or been willfully blind to the fact that the third-party infringers' use of the '317 Infringing Instrumentalities in their intended manner and such that all limitations of at least claim 1 of the '317 Patent are met would directly infringe the '317 Patent, GoPro, upon information and belief, actively encouraged the third-party infringers to directly infringe the '317 Patent by making, using, testing, selling, offering for sale, importing and/or licensing said '317 Infringing Instrumentalities, and by, for example, marketing '317 Infringing Instrumentalities to the third-party infringers; supporting and managing the third-party infringers' continued use of the '317 Infringing Instrumentalities; and providing technical assistance to the third-party infringers during their continued use of the '317 Infringing Instrumentalities.  *See*, *e.g.*, https://gopro.com.

74.     GoPro induced the third-party infringers to infringe at least claim 1 of the '317 Patent by directing or encouraging them to operate the '317 Infringing Instrumentalities which,

alone or in combination with the third-party infringers' devices, satisfy all limitations of claim 1 of the '317 Patent.   For example, GoPro advertised and promoted the features of the '317 Infringing Instrumentalities at https://gopro.com and encouraged the third-party infringers to operate the '317 Infringing Instrumentalities in an infringing manner.   GoPro further provided technical assistance as to how the '317 Infringing Instrumentalities should be used by the third-party infringers (*see*, *e.g*., https://gopro.com/news/what-is-the-gp1-chip-in-hero6-black).   In response, the third-party infringers acquired and operated the '317 Infringing Instrumentalities such that all limitations of claim 1 of the '317 Patent are practiced.

75.     Thus, GoPro has specifically intended to induce, and has induced, the third-party infringers to infringe at least claim 1 of the '317 Patent, and GoPro has known of or been willfully blind to such infringement.   GoPro has advised, encouraged, and/or aided the third-party infringers to engage in direct infringement, including through its encouragement, advice, and assistance to the third-party infringers to use the '317 Infringing Instrumentalities.

76.     Based on, among other things, the foregoing facts, GoPro has induced, and continues to induce, infringement under 35 U.S.C. § 271(b) of at least claim 1 of the '317 Patent.

77.     Further, GoPro sold, provided and/or licensed to the third-party infringers '317 Infringing Instrumentalities that are especially made and adapted—and specifically intended by GoPro—to be used as components and material parts of the inventions covered by the '317 Patent.   For example, GoPro provided Quik - GoPro Video Editor which the third-party infringers use in a manner such that all limitations of at least claim 1 of the '317 Patent are met, and without which the third-party infringers would be unable to use and avail themselves of the '317 Infringing Instrumentalities in their intended manner.

78.     Upon information and belief, GoPro also knew that the '317 Infringing Instrumentalities operate in a manner that satisfy all limitations of at least claim 1 of the '317 Patent.

79.     The Quik technology in the '338 Infringing Instrumentalities is specially made and adapted to infringe at least claim 1 of the '338 Patent.  Upon information and belief, the Quik technology in the '338 Infringing Instrumentalities is not a staple article or commodity of commerce, and, because the functionality is designed to work with the '317 Infringing Instrumentalities solely in a manner that is covered by the '317 Patent, it does not have a substantial non-infringing use.  At least by no later than October 11, 2017, based on the foregoing facts, GoPro has known or been willfully blind to the fact that such functionality is especially made and adapted for—and is in fact used in—the '317 Infringing Instrumentalities in a manner that is covered by the '317 Patent.

80.     Based on, among other things, the foregoing facts, GoPro has contributorily infringed at least claim 1 of the '317 Patent under 35 U.S.C. § 271(c).

81.     GoPro's acts of infringement of the '317 Patent have been willful and intentional under the standard of *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016).  Since at least October 11, 2017, GoPro has willfully infringed the '317 Patent by refusing to take a license and continuing the foregoing infringement.  Instead of taking a license to the '317 Patent, GoPro made the business decision to "efficiently infringe" the '317 Patent.  In doing so, GoPro willfully infringes the '317 Patent.

82.     GoPro's acts of direct and indirect infringement have caused damage to MPV, and MPV is entitled to recover damages sustained as a result of GoPro's wrongful acts in an amount subject to proof at trial.

## COUNT IV:  INFRINGEMENT OF THE '713 PATENT

83.    The allegations of paragraphs 1-82 of this Complaint are incorporated by reference as though fully set forth herein.

84.    MPV owns by assignment the entire right, title, and interest in the '713 Patent.

85.    The '713 Patent was issued by the United States Patent and Trademark Office on August 24, 2004 and is titled "Correcting Exposure in a Rendered Digital Image."  A true and correct copy of the '713 Patent is attached as Exhibit D.

86.    Upon information and belief, GoPro has directly infringed at least claim 25 of the '713 Patent by making, using, testing, selling, offering for sale, importing and/or licensing in the United States without authority its image processing software products, including without limitation the GoPro Studio software ("the '713 Infringing Instrumentalities") in an exemplary manner as described below.

87.    One or more of the '713 Infringing Instrumentalities meet all the limitations of claim 25 of the '713 Patent.  In particular, the '713 Infringing Instrumentalities perform a method for processing including an allowing a single user adjustable exposure setting to be changed.

# INTRODUCTION

Welcome to GoPro Studio, a video editing application that makes it easy to create professional-quality videos from your GoPro content.

## What is GoPro Studio?

GoPro Studio makes it easy to import your GoPro media from your camera to your computer and create professional-quality videos. We've taken our most popular GoPro videos and turned them into GoPro Edit Templates that help fast-track you to an incredible edit. The music, edit points, slow-motion effects and more have been dialed—all you have to do is replace our video clips with yours. Or if you want to create edits from scratch, you can do that, too. Trim and mix clips. Add titles, music, audio tracks and more. Adjust video playback speeds for ultra slow motion and fast motion—Flux™ makes speed changes super smooth. Plus, view HiLight Tags to quickly find your best clips for more convenient editing.[1] It's never been easier to make engaging GoPro-style videos to share with the world.



https://gopro.com/content/dam/help/goprostudio/manuals/GoProStudio2.5_User_Manual_Windows.pdf

88.     The '713 Infringing Instrumentalities also select an exposure modification transform responsive to changes in the exposure setting which transform accounts for a rendering used to produce the rendered digital image and which appears as if a different exposure level was used by the image capture device.

The underlying Active Metadata™ architecture used in the GoPro CineForm codec enables you to do real-time non-destructive image development adjustments to your clips. These adjustments affect the overall color and tone of your clips. The controls to apply these adjustments are located in the WHITE BALANCE and IMAGE control panels on the right-hand side of GoPro Studio's EDIT Room.

*TIP: Clicking on the Enable will toggle the IMAGE adjustments ON or OFF for the selected clip on your Storyboard. Checking the box enables the controls. Unchecking it disables them. You can use this to quickly switch back and forth between seeing the clips with the adjustments applied and the original images.*



https://gopro.com/content/dam/help/goprostudio/manuals/GoProStudio2.5_User_Manual_Windows.pdf

89.     The '713 Infringing Instrumentalities also use the selected transform to transform the image.



*TIP: Clicking on the ON/OFF Toggle button (which looks like an eyeball) will toggle the IMAGE CONTROLS adjustments ON or OFF for the selected clip on your Storyboard. You can use this to quickly switch back and forth between seeing the clips with the adjustments applied and the original images.*

https://gopro.com/content/dam/help/goprostudio/manuals/GoProStudio2.5_User_Manual_Windows.pdf

89.     The '713 Infringing Instrumentalities also display the transformed image as the exposure setting is changed.



*See, e.g.*, GoPro Studio Tutorial, https://www.youtube.com/watch?v=Zzq0DqX0TlQ, illustrating the GoPro Studio software displaying.

90.     GoPro has thus infringed at least claim 25 of the '713 Patent by making, using, testing, selling, offering for sale, importing and/or licensing the '713 Infringing Instrumentalities, and operating such that all steps of at least claim 25 are performed.

91.     The users, customers, agents and/or other third parties of the '713 Infringing Instrumentalities (collectively, "third-party infringers") infringed, including under 35 U.S.C. § 271(a), at least claim 25 of the '713 Patent by using the '713 Infringing Instrumentalities.

92.     GoPro has, since at least no later than October 11, 2017, known or been willfully blind to the fact that the third-party infringers' use of the '713 Infringing Instrumentalities directly infringe the '713 Patent.

93.     GoPro's knowledge of the '713 Patent, which covers operating the '713 Infringing Instrumentalities in their intended manner and such that all limitations of at least claim

25 of the '713 Patent are met, made it known to GoPro that the third-party infringers' use of the '713 Infringing Instrumentalities would directly infringe the '713 Patent, or, at the very least, render GoPro willfully blind to such infringement.

94.     Having known or been willfully blind to the fact that the third-party infringers' use of the '713 Infringing Instrumentalities in their intended manner and such that all limitations of at least claim 25 of the '713 Patent are met would directly infringe the '713 Patent, GoPro, upon information and belief, actively encouraged the third-party infringers to directly infringe the '713 Patent by making, using, testing, selling, offering for sale, importing and/or licensing said '713 Infringing Instrumentalities, and by, for example, marketing '713 Infringing Instrumentalities to the third-party infringers; supporting and managing the third-party infringers' continued use of the '713 Infringing Instrumentalities; and providing technical assistance to the third-party infringers during their continued use of the '713 Infringing Instrumentalities.  *See*, *e.g.*, GoPro Studio 2.5 User Manual at pp. 45, 85, https://gopro.com/content/dam/help/goprostudio/manuals/GoProStudio2.5_User_Manual_Windows.pdf).

95.     GoPro induced the third-party infringers to infringe at least claim 25 of the '713 Patent by directing or encouraging them to operate the '713 Infringing Instrumentalities which, alone or in combination with the third-party infringers' devices, satisfy all limitations of claim 25 of the '713 Patent.  For example, GoPro advertised and promoted the features of the '713 Infringing Instrumentalities and encouraged the third-party infringers to operate the '713 Infringing Instrumentalities in an infringing manner.  GoPro further provided technical assistance as to how the '713 Infringing Instrumentalities should be used by the third-party infringers (*see*, *e.g.*, GoPro Studio 2.5 User Manual at pp. 45, 85,

https://gopro.com/content/dam/help/goprostudio/manuals/GoProStudio2.5_User_Manual_Windo ws.pdf).  In response, the third-party infringers acquired and operated the '713 Infringing Instrumentalities such that all limitations of claim 25 of the '713 Patent are practiced.

96.     Thus, GoPro has specifically intended to induce, and has induced, the third-party infringers to infringe at least claim 25 of the '713 Patent, and GoPro has known of or been willfully blind to such infringement.  GoPro has advised, encouraged, and/or aided the third-party infringers to engage in direct infringement, including through its encouragement, advice, and assistance to the third-party infringers to use the '713 Infringing Instrumentalities.

97.     Based on, among other things, the foregoing facts, GoPro has induced, and continues to induce, infringement under 35 U.S.C. § 271(b) of at least claim 25 of the '713 Patent.

98.     Further, GoPro sold, provided and/or licensed to the third-party infringers '713 Infringing Instrumentalities that are especially made and adapted—and specifically intended by GoPro—to be used as components and material parts of the inventions covered by the '713 Patent.  For example, GoPro provided hardware and related image processing software which the third-party infringers use in a manner such that all limitations of at least claim 25 of the '713 Patent are met, and without which the third-party infringers would be unable to use and avail themselves of the '713 Infringing Instrumentalities in their intended manner.

99.     Upon information and belief, GoPro also knew that the '713 Infringing Instrumentalities operate in a manner that satisfy all limitations of at least claim 25 of the '713 Patent.

100.     The image processing / exposure modification transform technology in the '713 Infringing Instrumentalities is specially made and adapted to infringe at least claim 25 of the

'713 Patent.   Upon information and belief, the image processing / exposure modification transform technology in the '713 Infringing Instrumentalities is not a staple article or commodity of commerce, and, because the functionality is designed to work with the '713 Infringing Instrumentalities solely in a manner that is covered by the '713 Patent, it does not have a substantial non-infringing use.   At least by no later than October 11, 2017, based on the foregoing facts, GoPro has known or been willfully blind to the fact that such functionality is especially made and adapted for—and is in fact used in—the '713 Infringing Instrumentalities in a manner that is covered by the '713 Patent.

101.   Based on, among other things, the foregoing facts, GoPro has contributorily infringed at least claim 25 of the '713 Patent under 35 U.S.C. § 271(c).

102.   GoPro's acts of infringement of the '713 Patent have been willful and intentional under the standard of *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016).   Since at least October 11, 2017, GoPro has willfully infringed the '713 Patent by refusing to take a license and continuing the foregoing infringement.   Instead of taking a license to the '713 Patent, GoPro made the business decision to "efficiently infringe" the '713 Patent.   In doing so, GoPro willfully infringes the '713 Patent.

103.   GoPro's acts of direct and indirect infringement have caused damage to MPV, and MPV is entitled to recover damages sustained as a result of GoPro's wrongful acts in an amount subject to proof at trial.

## COUNT V:  INFRINGEMENT OF THE '485 PATENT

104.   The allegations of paragraphs 1-103 of this Complaint are incorporated by reference as though fully set forth herein.

105.   MPV owns by assignment the entire right, title, and interest in the '485 Patent.

106.    The '485 Patent was issued by the United States Patent and Trademark Office on July 6, 2004 and is titled "Nonlinearly modifying a rendered digital image."  A true and correct copy of the '485 Patent is attached as Exhibit E.

107.    Upon information and belief, GoPro has directly infringed at least claim 21 of the '485 Patent by making, using, testing, selling, offering for sale, importing and/or licensing in the United States without authority its image processing software products, including without limitation the GoPro Studio software ("the '485 Infringing Instrumentalities") in an exemplary manner as described below.

108.    One or more of the '485 Infringing Instrumentalities meet all the limitations of claim 21 of the '485 Patent.   In particular, the '485 Infringing Instrumentalities perform a method for processing a rendered image, including allowing a single adjustable exposure setting to be changed.





https://gopro.com/content/dam/help/goprostudio/manuals/GoProStudio2.5_User_Manual_Windows.pdf

109.    The '485 Infringing Instrumentalities also select an exposure modification transform responsive to changes in the exposure setting the transform accounting for a rendering used to produce the rendered image and effecting a change that appears as if a different exposure level was used to capture the image.



https://gopro.com/content/dam/help/goprostudio/manuals/GoProStudio2.5_User_Manual_Windows.pdf

110.    The '485 Infringing Instrumentalities also use the selected exposure modification transform to transform the rendered image.



https://gopro.com/content/dam/help/goprostudio/manuals/GoProStudio2.5_User_Manual_Windows.pdf



*See, e.g.*, GoPro Studio Tutorial, https://www.youtube.com/watch?v=Zzq0DqX0TlQ, illustrating using the selected exposure modification transform to transform the rendered image.

111.    GoPro has thus infringed at least claim 21 of the '485 Patent by making, using, testing, selling, offering for sale, importing and/or licensing the '485 Infringing Instrumentalities, and operating such that all steps of at least claim 21 are performed.

112.    The users, customers, agents and/or other third parties of the '485 Infringing Instrumentalities (collectively, "third-party infringers") infringed, including under 35 U.S.C. § 271(a), at least claim 21 of the '485 Patent by using the '485 Infringing Instrumentalities.

113.    GoPro has, since at least no later than October 11, 2017, known or been willfully blind to the fact that the third-party infringers' use of the '485 Infringing Instrumentalities directly infringe the '485 Patent.

114.    GoPro's knowledge of the '485 Patent, which covers operating the '485 Infringing Instrumentalities in their intended manner and such that all limitations of at least claim 21 of the '485 Patent are met, made it known to GoPro that the third-party infringers' use of the '485 Infringing Instrumentalities would directly infringe the '485 Patent, or, at the very least, render GoPro willfully blind to such infringement.

115.    Having known or been willfully blind to the fact that the third-party infringers' use of the '485 Infringing Instrumentalities in their intended manner and such that all limitations of at least claim 21 of the '485 Patent are met would directly infringe the '485 Patent, GoPro, upon information and belief, actively encouraged the third-party infringers to directly infringe the '485 Patent by making, using, testing, selling, offering for sale, importing and/or licensing said '485 Infringing Instrumentalities, and by, for example, marketing '485 Infringing Instrumentalities to the third-party infringers; supporting and managing the third-party infringers' continued use of the '485 Infringing Instrumentalities; and providing technical assistance to the third-party infringers during their continued use of the '485 Infringing

Instrumentalities.  *See*, *e.g.*, GoPro Studio 2.5 User Manual at pp. 45-85,

https://gopro.com/content/dam/help/goprostudio/manuals/GoProStudio2.5_User_Manual_Windo

ws.pdf.

116.    GoPro induced the third-party infringers to infringe at least claim 21 of the '485

Patent by directing or encouraging them to operate the '485 Infringing Instrumentalities which,

alone or in combination with the third-party infringers' devices, satisfy all limitations of claim 21

of the '485 Patent.  For example, GoPro advertised and promoted the features of the '485

Infringing Instrumentalities and encouraged the third-party infringers to operate the '485

Infringing Instrumentalities in an infringing manner.  GoPro further provided technical assistance

as to how the '485 Infringing Instrumentalities should be used by the third-party infringers (*see*,

*e.g.*, GoPro Studio 2.5 User Manual at pp. 45, 85,

https://gopro.com/content/dam/help/goprostudio/manuals/GoProStudio2.5_User_Manual_Windo

ws.pdf).  In response, the third-party infringers acquired and operated the '485 Infringing

Instrumentalities such that all limitations of claim 21 of the '485 Patent are practiced.

117.    Thus, GoPro has specifically intended to induce, and has induced, the third-party

infringers to infringe at least claim 21 of the '485 Patent, and GoPro has known of or been

willfully blind to such infringement.  GoPro has advised, encouraged, and/or aided the third-

party infringers to engage in direct infringement, including through its encouragement, advice,

and assistance to the third-party infringers to use the '485 Infringing Instrumentalities.

118.    Based on, among other things, the foregoing facts, GoPro has induced, and

continue to induce, infringement under 35 U.S.C. § 271(b) of at least claim 21 of the '485 Patent.

119.    Further, GoPro sold, provided and/or licensed to the third-party infringers '485

Infringing Instrumentalities that are especially made and adapted—and specifically intended by

GoPro—to be used as components and material parts of the inventions covered by the '485 Patent.  For example, GoPro provided hardware and related image processing software which the third-party infringers use in a manner such that all limitations of at least claim 21 of the '485 Patent are met, and without which the third-party infringers would be unable to use and avail of the '485 Infringing Instrumentalities in their intended manner.

120.    Upon information and belief, GoPro also knew that the '485 Infringing Instrumentalities operate in a manner that satisfy all limitations of at least claim 21 of the '485 Patent.

121.    The image processing / exposure modification transform technology in the '485 Infringing Instrumentalities is specially made and adapted to infringe at least claim 21 of the '485 Patent.  Upon information and belief, the image processing / exposure modification transform technology in the '485 Infringing Instrumentalities is not a staple article or commodity of commerce, and, because the functionality is designed to work with the '485 Infringing Instrumentalities solely in a manner that is covered by the '485 Patent, it does not have a substantial non-infringing use.  At least by no later than October 11, 2017, based on the foregoing facts, GoPro has known or been willfully blind to the fact that such functionality is especially made and adapted for—and is in fact used in—'485 Infringing Instrumentalities in a manner that is covered by the '485 Patent.

122.    Based on, among other things, the foregoing facts, GoPro has contributorily infringed at least claim 21 of the '485 Patent under 35 U.S.C. § 271(c).

123.    GoPro's acts of infringement of the '485 Patent have been willful and intentional under the standard of *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016).  Since at least October 11, 2017, GoPro has willfully infringed the '485 Patent by refusing to take a

license and continuing the foregoing infringement.  Instead of taking a license to the '485 Patent, GoPro made the business decision to "efficiently infringe" the '485 Patent.  In doing so, GoPro willfully infringes the '485 Patent.

GoPro's acts of direct and indirect infringement have caused damage to MPV, and MPV is entitled to recover damages sustained as a result of GoPro's wrongful acts in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, MPV respectfully requests the following relief:

A.      A judgment that GoPro has infringed the '908 Patent;

B.      A judgment that GoPro has willfully infringed the '338 Patent;

C.      A judgment that GoPro has willfully infringed the '317 Patent;

D.      A judgment that GoPro has willfully infringed the '713 Patent;

E.      A judgment that GoPro has willfully infringed the '485 Patent;

F.      A judgment that MPV be awarded damages adequate to compensate it for GoPro's past infringement and any continuing or future infringement of the '908 Patent, the '338 Patent, the '317 Patent, the '713 Patent, and the '485 Patent, including pre-judgment and post-judgment interest costs and disbursements as justified under 35 U.S.C. § 284 and an accounting;

G.      That this be determined to be an exceptional case under 35 U.S.C. § 285 and that MPV be awarded enhanced damages up to treble damages for willful infringement as provided by 35 U.S.C. § 284;

H.      That MPV be granted its reasonable attorneys' fees in this action;

I.      That this Court award MPV its costs; and

J.      That this Court award MPV such other and further relief as the Court deems

proper.

## **DEMAND FOR JURY TRIAL**

MPV hereby demands trial by jury on all claims and issues so triable.


Dated:  March 16, 2018                          BAYARD, P.A.

                                                */s/ Stephen B. Brauerman*
                                                Stephen B. Brauerman (#4952)
                                                Sara E. Bussiere (#5725)
                                                600 N. King Street, Suite 400
                                                P.O. Box 25130
                                                Wilmington, Delaware 19801
                                                (302) 655-5000
                                                sbrauerman@bayardlaw.com
                                                sbussiere@bayardlaw.com


                                                *Attorneys for Plaintiff*